IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 19-50105 |
| | § | |
| FRAN TRANSPORT, INC. | § | |
| | § | CHAPTER 11 |
| | § | |

**MOTION FOR ORDER TO SHOW CAUSE
WHY DEBTOR SHOULD NOT BE HELD IN CONTEMPT
FILED BY CF EQUIPMENT FINANCING, LLC
AND REQUEST FOR EMERGENCY HEARING**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES CF EQUIPMENT FINANCING, LLC (hereinafter "CFE"), and files this its Motion For Order To Show Cause Why Debtor Should Not Be Held in Contempt and Request For Emergency Hearing and in support thereof would respectfully show the Court the following:

## I.
## Jurisdiction

1.     This is a proceeding under Bankruptcy Rules 9014 and 9020, related to relief granted under Sections 362(d) and 1301(c) of the Bankruptcy Code. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334 and Sections 105 and 362 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(A), (E), (G), (N) and (O).

## II.
## Request for Emergency Hearing

2.     This Motion concerns Debtor's refusal to comply with the Order Granting Relief From Automatic Stay (the "Relief Order") [Doc. 18], which requires Debtor to deliver and surrender, by no later than Wednesday, August 28, 2019, thirteen (13) tractors and trailers. CFE is presently in possession of two (2) tractors and four (4) trailers (the "Recovered Equipment"), but Debtor refuses to deliver and surrender another six (6) tractors and one (1) trailer (the "Remaining Equipment"). CFE requests emergency relief for the following reasons:

  a. The Recovered Equipment was taken under a writ of sequestration more than three (3) months ago;

  b. Debtor and Debtor's counsel have verbally represented their intent to surrender the Recovered Equipment, plus additional units, but refuse to commit and unnecessary storage charges are being incurred;

    c. One (1) of the "recovered" tractors is titled under the name of a different entity;

    d. The proof of insurance produced by Debtor does not comply with the contractual requirements.

## III.
## Facts

3. Fran Transport, Inc. ("Debtor" herein) filed its Chapter 11 Bankruptcy petition on the evening of June 17, 2019 (the "Petition Date").

4. This is the second occasion where Debtor refused to comply with a court order. On March 29, 2019, CFE filed suit against Fran Transport and Joel Pena, among others, under the style, Cause No. 2019-22875; *CF Equipment Financing, LLC vs. Fran Transport, Inc., et al.*; in the 190th Judicial District Court; Harris County, Texas (the "Underlying Lawsuit"). As part of the Underlying Lawsuit, CFE secured a Writ of Sequestration, commanding a Sheriff, Constable or Deputy to take possession of thirteen (13) tractors and trailers. *See copy of Writ attached hereto as Exhibit "A"*. On May 8 and May 10, 2019, the Webb County Constable's Office, Precinct 2, took possession of six (6) pieces of equipment (the "Recovered Equipment"), but seven (7) pieces of equipment remained unrecovered (the "Remaining Equipment"). *See copy of Affidavit of Deputy M. J. Benavides attached hereto as Exhibit "B"*. Fran Transport was also served with the citation and copy of the original petition on May 10, 2019. *Id.* The Recovered Equipment and Remaining Equipment is identified as follows:

Recovered Equipment:

    1. VIN 3A9P44227FG019433    2015    Trailer
    2. VIN 1XKDDU9XX2J885726    2002    Kenworth
    3. VIN 3E9J142H4KT034024    2019    Dry Bulk Trailer
    4. VIN 3E9J142H8KT034026    2019    Dry Bulk Trailer
    5. VIN 3E9J142HXKT034027    2019    Dry Bulk Trailer
    6. VIN 1FUJGHDV4ALAU0808    2010    Freightliner

Remaining Equipment:

    7. VIN 1FUJGLDR6CSBK1338    2012    Freightliner
    8. VIN 1FUJGLDRXCSBK1228    2012    Freightliner
    9. VIN 1XPHDP9X5BD126431    2011    PETERBILT
    10. VIN 1XPHD79X3DD206278    2013    PETERBILT
    11. VIN 1XPHD79X6DD206274    2013    PETERBILT
    12. VIN 1XPHD49X4CD161509    2012    PETERBILT
    13. VIN 3E9J142H6KT034025    2019    Dry Bulk Trailer

*Id.*

5.    On May 31, 2019, a hearing was held in the Underlying Lawsuit in connection with CFE's Motion for Order of Sale (to sell the Recovered Equipment) and Motion for Show Cause (to force Joel Pena to appear). Notice of the hearing was provided to Mr. Joel Pena and he appeared in person. Mr. Pena stated that he had communicated with an attorney, but that attorney could not be present that morning. Judge Beau Miller granted a reset of the hearing and rescheduled it to June 18, 2019. Debtor filed the instant bankruptcy on the eve of June 17, 2019 and the hearing did not go forward.

6.    In connection with the recovery of the Recovered Equipment, CFE made payment of $5,000.00 to satisfy an alleged landlord's lien. The Equipment was taken to Cabello Recovery, Inc, where it continues to be stored. As of June 25, 2019, the storage charges for the Recovered Equipment was $5,043.65 and continues to incur charges. *See copy of Cabello Recovery Invoice attached hereto as Exhibit "C"*. More than three (3) months have passed from the date the Webb County Sheriff's Office took possession of the Recovered Equipment to the Petition Date. Neither Debtor, nor any of the other Defendants in the Underlying Suit, filed a replevy bond for return of the Recovered Equipment. Nor did Debtor ever file an Answer in the Underlying Lawsuit. Accordingly, CFE has reason to believe that the Recovered Equipment is not necessary for reorganization.

7. Furthermore, Debtor's Schedules list one (1) 2010 Freightliner, with VIN 1FUJGHDV4ALAU0808. [Doc 1, at Schedule A/B, Paragraph 47.4]. This vehicle is part of the Recovered Equipment. According to the certificate of title possessed by CFE, this vehicle is actually owned by Penoil Transport, not Fran Transport. Thus, it should not be included in this bankruptcy and should have been voluntarily surrendered long ago.

8. On August 5, 2019, Mr. Joel Pena appeared on behalf of Debtor during the scheduled Creditor's Meeting and swore under oath that he intended to voluntarily surrender all of the "Recovered Equipment" and selected additional units from the "Remaining Equipment". To date, Debtor has refused to voluntarily surrender any equipment.

9. On July 9, 2019, CFE filed its Motion for Relief From Automatic Stay Against Equipment and Request for Emergency Hearing, with a self-calendared preliminary hearing date of August 8, 2019. This setting was reset to August 9, 2019. [Doc.14]. The August 9, 2019 hearing was cancelled by the Court because of a cancelled flight.

10. Thereafter, the case manager provided Mr. George A. Pence with a telephonic hearing date of August 21, 2019 at 11:00 a.m. and Mr. Pence sent notice of same. Mr. Pence appeared at the hearing, but nobody appeared for Debtor. Mr. Pence provided a status report on the case and the Court granted relief from the automatic stay. *See copy of Order Granting Relief From Automatic Stay attached hereto as Exhibit "D"*. The Order gives CFE the right to proceed with selling the six (6) units which make up the "Recovered Equipment" and further requires Debtor to surrender and deliver the remaining seven (7) tractors and trailers by Wednesday, August 28, 2019.

11. Mr. Pence sent emails to Mr. Barto on August 22 and August 26, 2019 asking for compliance with the Order. *See copy of email chain attached hereto as Exhibit "E"*. On Friday,

August 23, 2019, Mr. Pence did have a telephone conference with Mr. Barto; wherein, he stated that Debtor would not challenge the relief as to the six (6) units which make up the "Recovered Equipment" and Debtor would be surrendering all but one (1) of the seven (7) units which make up the "Equipment to Be Surrendered". However, to date, Debtor has not surrendered ANY property.

12. Further, Debtor recently filed an Emergency Motion to Set Aside Relief From Stay Granted on August 21, 2019. [Doc. 22]. While Debtor admits it is "trying to work out the surrender of much of the collateral", Debtor still refuses to make any effort to voluntarily surrender collateral and is causing unnecessary delay and increased costs..

13. Accordingly, CFE requests the Court to set a hearing requiring the Debtor to appear and show cause why the Debtor should not be held in contempt for failure to comply, even partially, with the Order Granting Relief From Automatic Stay.

### IV.
### Imposing Civil Contempt Sanctions

14. Rules 9020 and 9014 of the Federal Rules of Bankruptcy Procedure govern contempt proceedings in bankruptcy courts. When a party fails to abide by a court order, another party in the proceeding may move the court to hold the non-compliant party in contempt. "[T]he movant must produce clear and convincing evidence that shows that '[the non-compliant party] violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Elec. Workers PensionTrust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373 at 379 (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order."

*Gary's Elec. Serv. Co.*, 340 F.3d at 379 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). When evaluating whether the non-compliant party was unable to comply, the court considers whether the party "'took all reasonable steps within [his] power to comply with the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 F.2d 967, 968 (6th Cir.1989)).

WHEREFORE, PREMISES CONSIDERED, Movant requests that this Court issue a show Cause Order to the Debtor and set a hearing requiring the Debtor to appear and show cause for the Debtor's failure to comply with the Order Granting Relief From Automatic Stay and grant such other and further relief to which it may be justly entitled.

**Respectfully submitted,**

**LAW FIRM OF GEORGE A. PENCE**
1136 N. Kirkwood Rd.
Houston, Texas 77043
Phone: (281) 556-0944
Fax:    (281) 886-0349

/s/ George A. Pence_____
State Bar I.D. # 00798424
gap@pencelawfirm.com

*Counsel for CF Equipment Financing, LLC*

### CERTIFICATE OF CONFERENCE

Regarding the bases for this Motion, I engaged in the following attempts to communicate with Debtor's Counsel, Mr. Carl M. Barto:

1. On August 30, 2019, at 8:25 a.m., I sent an email to Carl Barto asking for his position on (1) CFE filing a Motion for Order to Show Cause; (2) seeking an emergency hearing; and (3) seeking confirmation on Debtor's surrender of the Recovered Equipment. Mr. Barto did not respond as of the filing of this Motion.

2. On August 30, 2019, at 8:41 a.m., I called Mr. Barto's office at the phone number identified on his email – (956) 725-7500. There was no answer and I could not leave a message because the automatic message stated, "This mailbox is not yet accepting messages because the voicemail has not been activated."

3. On August 30, 2019, at approximately 9:30 a.m., I called Mr. Barto's office and left a message with an assistant who answered the phone. Mr. Barto did not respond as of the filing of this Motion.

/s/ George A. Pence
George A. Pence

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Friday, August 30, 2019; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

/s/ George A. Pence
George A. Pence

| **Carl M. Barto**<br>Law Offices Of Carl Michael Barto<br>817 Guadalupe<br>Laredo, Texas 78040<br><br>*Attorney for Debtor* | **Hector Duran**<br>515 Rusk, Suite 3516<br>Houston, Texas 77002<br><br><br>*Attorney for US Trustee* |
|---|---|
| | |

**MOTION FOR ORDER TO SHOW CAUSE -**         **PAGE 8**