**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN  DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **FRAN TRANSPORTATION, INC.** | § | **Case No. 19-50105** |
| | § | |
| **Debtor** | § | **Chapter 11** |

**EMERGENCY MOTION TO INCUR FINANCING PURSUANT TO FACTORING**
**AGREEMENT AND APPROVE EXECUTION OF FACTORING AGREEMENT**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT SAID HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE RELIEF REQUESTED OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

**DATE BY WHICH EMERGENCY RELIEF IS REQUESTED AND  RELIEF SOUGHT : DEBTOR SEEKS EMERGENCY RELIEF BY SEPTEMBER 6, 2019.  DEBTOR HAS INVOICES THAT IF FACTORED WILL GIVE IT THE CASH FLOW TO BEGIN TO MAKE ADEQUATE PROTECTION PAYMENTS TO ITS OTHER SECURED CREDITORS  AND FACILITATE THE PAYMENT OF POST-PETITION DEBT INCURRED IN THE ORDINARY COURSE.   THE CASH FLOW FROM FACTORING WILL ALLOW THE DEBTOR TO PAY ITS DEBTS DUE AFTER SEPTEMBER 6, 2019.**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES the Debtor, Fran Transport, Inc., and requests the Court to approve the Execution of Factoring Agreement to provide for the factoring of Debtor's post- petition accounts. A true and correct copy of the proposed factoring agreement is attached hereto as **Exhibit A** and incorporated herein by reference, and to authorize the Debtor to incur financing pursuant to the Factoring Agreement on an interim, and ultimately a final basis.

**JURISDICTION**

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a), and the order of reference in this district entered pursuant to §157(a). This is a core proceeding under 28 U.S.C. §157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The basis for the relief sought herein is 11 U.S.C. § 364 and 365 and Fed. R. Bankr. P. 4001(c), 6006, and 9014.

3.       Fran Transport, Inc., (hereinafter, "Debtor") filed its petition for relief in this Court on June 17, 2019.

4.       The Debtor remains in possession of its property and is operating its business as Debtor in Possession, pursuant to §§1107 and 1108 of the Bankruptcy Code. No unsecured creditors committee, trustee or examiner has been appointed in this case.

**REQUEST FOR INTERIM AUTHORIZATION
AND EXPEDITED FINAL HEARING**

**5**.       The Debtor requests, pursuant to Fed. R. Bankr. P. 4001(c)(2), that the court issue an interim order authorizing the Debtor to enter into a  post-petition factoring agreement with Copperwood,  and that the Court set this Motion for a final hearing on an expedited basis for

September  26, 2019 at 3:00 p.m. to consider whether the authority to enter the factoring

agreement will continue until conformation of the Debtor's plan.

6.      The Debtor is a freight shipping company, which operates tractor trucks and trailers  and

delivers freight nationwide. In order to keep a consistent cash flow and outsource the collection of

its accounts receivable, it engages the services of a factoring company, Copperwood Capital,

L.L.C. ("Copperwood"), which pays a percentage of the amounts of the receivables at the time

it purchases them, does the collections, and settles the accounts as they are finally collected.

7.      Typically, the Debtor generates receivables weekly, and will sell them to Copperwood an

ongoing basis, which provides the cash flow to pay all operating expenses, and takes the difficulties

of collecting the accounts out of the Debtor's hands.

8.      Debtor had a pre-petition factoring arrangement with an affiliate of Copperwood,

Ironwood Finance.    Debtor did not immediately seek approval of a post-petition factoring

agreement because the terms of same were being negotiated. Debtor and the principal of both

Ironwood and Copperwood have been in the process of negotiating the terms of a post-petition

factoring agreement, and have now come to an agreement on terms.

9.      Debtor has post-petition accounts that it needs to factor in order to have funds to pay for

its insurance,  and ongoing operations.  If the factoring arrangement is not allowed on an

emergency basis the Debtor will not be able to continue its operations.

10.     In the absence of an interim order allowing the Debtor to factor its post-petition accounts

the Debtor and its estate will suffer immediate and irreparable harm as the Debtor will not have

sufficient funds to cover its operating expenses after September 6, 2019.

11.     The Debtor requires cash to pay drivers and other expenses necessary to continue operating

its business, and has historically relied on the factoring arrangement, whereby it sells its accounts

receivable on a continuing basis to a factoring company, and thereby receives a consistent stream of income based off of its consistently generated receivables.

12.     If the Debtor were to begin collecting its own receivables, there would be a significant delay within which the Debtor would be unable to pay its drivers and cover other ongoing expenses. As of the Petition Date, the Debtor did not have sufficient cash on hand from which to meet foreseeable operating expenses in the absence of this factoring agreement and is unable to obtain unsecured credit allowable under §503(b)(1).

13.     The Debtor will have sufficient operating income to meet its obligations if this Motion is is granted, and  Debtor is allowed to factor its post-petition accounts with Copperwood.

14.     The Debtor seeks authority to execute and enter into the  attached Factoring Agreement on its existing terms.

15.     In connection with the execution  of the Factoring Agreement and the continuing business relationship between the Debtor and Copperwood, Debtor would ask that Copperwood be  granted a post-petition lien on all of the Debtor's  post-petition accounts receivables.

16.     Copperwood has agreed to the terms of this Motion and can begin to immediately factor Debtor's post-petition accounts and agrees to do so, for the term of the Agreement and as long as Debtor is not in default on the Agreement, to facilitate Debtor's continuing operations through it's chapter 11, and its plan to reorganize and continue operations.

WHEREFORE, the Debtor requests that the Court enter an Order, on an emergency interim basis, authorizing the Debtor to enter into a post-petition  Factoring Agreement, and granting Copperwood  a  lien on all of the Debtor's post-petition accounts receivables.


Respectfully submitted,


4

By: /s/ Carl M. Barto
Carl M. Barto
LAW OFFICE OF CARL M. BARTO
817 Guadalupe
Laredo, Tx 78040
State Bar No. 01852100
SDTX No. 6830
Telephone: 956 725-7500
Facsimile: 956 722-6739
ATTORNEY FOR FRAN TRANSPORT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the creditors shown on the ECF Matrix for this case.

__/S/ Carl M. Barto_____
Carl M. Barto